Filed 4/30/26  In re Z.C. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Z.C. et al., Persons Coming Under the Juvenile Court Law. | B345219 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff, v. D.S., Defendant and Appellant; C.C., Defendant and Respondent. | (Los Angeles County Super. Ct. No. 23LJJP00336A-D) |

APPEAL from an order of the Superior Court of Los Angeles County, Debra L. Gonzales, Juvenile Court Referee. Dismissed.

Law Office of Karen B. Stalter and Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant D.S.

Donna P. Chirco, under appointment by the Court of Appeal, for Defendant and Respondent C.C.

No appearance for Plaintiff.

_____

D.S. (mother) purports to appeal from the juvenile court's order awarding C.C. (father) biweekly monitored visits in a therapeutic setting with their four children. Because mother lacks standing, we dismiss the appeal.

## BACKGROUND

### I.     The Family

Mother and father were married in June 2015. They share four children: Z.C. (born Feb. 2012), H.C. (born Dec. 2015), L.C. (born May 2017), and Q.C. (born May 2019). Mother filed for divorce in the summer of 2023. As of June 2023, all four children lived with mother; father had relocated to New Jersey.

### II.    Jurisdiction Petition and Criminal Proceedings

In October 2023, the Los Angeles County Department of Children and Family Services (DCFS) filed a jurisdiction petition, alleging that father had physically abused the children (Welf. & Inst. Code, § 300, subds. (a), (b)(1)) & (j)[1]); father and mother had

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

a history of domestic violence (§ 300, subds. (a) & (b)(1)); and father's mental health rendered him incapable of caring for the children. (§ 300, subd. (b)(1))

In a separate proceeding, father faced criminal charges for felony child endangerment. (Pen. Code, § 273a, subd. (a)).

In January 2024, the juvenile court sustained an amended version of the petition; removed the children from father and placed them with mother; ordered family maintenance services; and limited father to twice-weekly monitored telephonic or virtual visits.[2]

In February 2024, the trial court handling father's criminal case issued a criminal protective order (CPO) prohibiting him from contacting mother and all four children. In July 2024, the CPO was modified to allow visitation with Z.C., H.C., and Q.C.; L.C. remained protected.

## III.    Termination of Jurisdiction, Exit Orders, and Appeal

At the six-month status review hearing in August 2024 (§ 364, subd. (a)), the juvenile court revoked father's visitation rights, relying on the CPO to find that "it would be detrimental to all of the children to have any visitation with . . . father at this time[.]"

At the 12-month status review hearing in February 2025 (§ 364, subd. (d)), the juvenile court terminated jurisdiction, as mother was "addressing all of [the children's] needs" and "there are no safety concerns . . . [regarding] mother's care." The court awarded sole legal and physical custody to mother.

The juvenile court also lifted its prior detriment finding against father, finding that the children had since progressed in

---

[2]    Mother's appeal from the jurisdictional findings and dispositional orders was dismissed as abandoned.

3

therapy and made mixed statements about having a relationship with father. The court determined that it was "most appropriate to order visitation . . . but to limit the frequency and the length of the visits and to restrict the setting of the visits." Accordingly, the court granted father one-hour biweekly visits with Z.C., H.C., and Q.C. "in a therapeutic setting with a licensed therapist[.]" The court delayed visitation until the first week of April 2025 "to give a little bit more time . . . to start preparing for father's visits in a therapeutic setting[.]" Lastly, the court allowed father equivalent visits with L.C. upon modification of the CPO to allow visitation.

The juvenile court stayed termination of jurisdiction pending receipt of the custody order. On February 19, 2025, the court received the custody order, lifted the stay, and terminated jurisdiction.

Mother timely appealed.

## DISCUSSION

Mother contends that the juvenile court abused its discretion by arbitrarily setting an April 2025 start date for Z.C., H.C., and Q.C.'s therapeutic visits with father, and by allowing father's therapeutic visits with L.C. to begin upon modification of the CPO. We do not reach the merits of mother's arguments, as she lacks standing to challenge the exit order.

"Not every party has standing to appeal every appealable order. Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal. [Citations.] An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision. [Citations.]

4

These rules apply with full force to appeals from dependency proceedings. [Citation.]" (*In re K.C.* (2011) 52 Cal.4th 231, 236 (*K.C.*).) Because lack of standing is a jurisdictional defect, an appeal is subject to dismissal if the appellant does not have standing. (*In re B.S.* (2021) 65 Cal.App.5th 888, 893 (*B.S.*); *In re D.M.* (2012) 205 Cal.App.4th 283, 294 (*D.M.*).)

Mother asserts that she was aggrieved by the juvenile court's visitation order because she "has a natural interest in obtaining the state's protection for her children." But, per the case law mother herself cites, "the mere fact a parent takes a position on a matter at issue in a juvenile dependency case that affects his or her child does not alone constitute a sufficient reason to establish standing to challenge an adverse ruling on it." (*In re Carissa G.* (1999) 76 Cal.App.4th 731, 736 (*Carissa G.*).) In other words, mother's natural concern for her children's interests is insufficient to establish appellate standing; she must show that her *personal* rights and interests were "injuriously affected by the decision in an immediate and substantial way[.]" (*K.C., supra*, 52 Cal.4th at p. 236; see also *In re J.T.* (2011) 195 Cal.App.4th 707, 717 ["Without a showing that the party's personal rights are affected by a ruling, the party does not establish standing."].)

Mother urges that her parental rights could be injuriously affected by the visitation order because, "[a]s the custodial parent, mother is the one who will be . . . dealing with the [children's] reactions . . . when they are forced to visit with father[.]" This interest is both too speculative and too tenuous to establish standing. (See *Carissa G., supra*, 76 Cal.App.4th at p. 734 ["[a] nominal interest or remote consequence of the ruling does not satisfy" the requirements for standing].)

Moreover, our decision does not leave mother without recourse against future harm. As the *Carissa G.* court noted, "[i]ssues concerning custody and visitation can also be dealt with in a family law proceeding." (*Carissa G.*, *supra*, 76 Cal.App.4th at p. 736.) And although father's visitation rights were litigated in this dependency proceeding, res judicata would not bar mother from seeking relief in a family court. (*In re Travis C.* (1991) 233 Cal.App.3d 492, 502 ["[T]he 'issues' before the family law court and juvenile court can never, in fact, be 'identical,' even if some or all of the facts of abuse or neglect adduced in the two proceedings are the same, because of the important differences between the purposes and operations of the two courts, and the state's overriding concern for the protection of the children."].)

Because the challenged visitation order neither altered mother's custody of the children nor affected her ability to raise concerns about their safety in a future family law proceeding, we conclude that she lacks standing. We thus dismiss her appeal. (See *B.S.*, *supra*, 65 Cal.App.5th at p. 893; *D.M.*, *supra*, 205 Cal.App.4th at p. 294.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
GOORVITCH*

We concur:


_____, Acting P. J.
CHAVEZ


_____, J.
RICHARDSON

---

     **\*** Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.